MANUEL TORRES OZORES, Plaintiff and Appellant, v. JOSÉ LUIÑA ALVAREZ, Defendant and Appellee.

No. 8708.   Argued April 5, 1943.—Decided April 27, 1943.

*Alvarez Linares & Marrero Ledesma* for appellant. *Damián Monserrat, Jr., Gabriel de la Haba,* and *R. Baragaño, Jr.,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

On March 11, 1943, the defendant-appellee filed a motion for the dismissal of this appeal because, even though almost six months have passed since the notice of appeal was filed by the plaintiff, the stenographer has not filed the transcript of evidence in this case, notwithstanding the fact that the court below has granted him several continuances to do it, and because the appellant has not filed the judgment roll. The appellee claims that the appellant has not exercised due diligence and good faith, and that, in accordance with the

provisions of Act No. 111 of 1939 (p. 574), Rule 59 of this court and with what has been decided in *Vázquez* v. *Laugier*, 59 P.R.R. 581; *Vázquez* v. *González*, 60 P.R.R. 702; and *Vega* v. *García*, 60 P.R.R. 705, the appeal should be dismissed. It is true that almost six months have passed since the day on which the notice of appeal was filed in the court below, September 22, 1942, to the date on which the appellee filed his motion for dismissal of the appeal, and that the transcript of evidence has not yet been filed in this court.

Nevertheless, the appellant has attached to his motion opposing the dismissal, a sworn statement by the stenographer of the court below, in which he states that he has been unable to finish the transcript of evidence in this case, despite the efforts made by the appellant and his attorneys, because he had to do the transcripts of evidence of other cases which were prior in time and order, and that he has personally obligated himself to the plaintiff and his attorney to finish said transcript within the period of the present extension, which will expire on April 23, 1943.

The appellant has alleged that he has not had recourse to the compulsory means which Act No. 111 of 1939 grants to the court below to compel the stenographer to transcribe the evidence within sixty days after the issuance of the order to make said transcription, because he was convinced that it was physically impossible for the stenographer to comply with all the orders of transcript of evidence that were before him and which had priority over that of plaintiff-appellant.

■■ It is within discretion of this court, in accordance with Rule 59, to proceed to dismiss an appeal by motion filed to this effect, once 90 days have passed from the date of the notice of appeal, even though there still be in effect continuances granted by the trial court to perfect the appeal. But in accordance with what was decided in *Vázquez* v. *Laugier*, *supra*, the power granted by this rule should be exercised

only in the three situations provided by said rule: (1) When it is satisfactorily proved that the appellant has not proceeded with due diligence; (2) or in good faith; and (3) when the appeal is frivolous. In accordance with what was decided in said case, it is our opinion, the appellant herein not having been charged with bad faith nor it having been alleged that the appeal is frivolous, that it is not proper to grant dismissal for lack of due diligence, since the appellant has satisfactorily proved, by means of the certificate filed, that he has been diligent seeking the transcript of evidence and that if the same has not been filed it has been because of reasons outside of the control of the appellant.

■ With regard to the alleged claim that the judgment roll has not been filed in due time, this court in the exercise of its direction, and taking into consideration the fact that the same was filed with the Secretary of this court four days before the date set for the hearing of the motion to dismiss, and that the appellant has explained to the satisfaction of this court the reason for his delay, declares that the dismissal on this ground is without merit. *Beiró* v. *Vázquez,* 50 *D.P.R.* 979; *Muñiz* v. *Viuda de Suárez,* 50 *D.P.R.* 979 and *Vázquez* v. *González,* 60 P.R.R. 702.

The motion for dismissal is, at this time, overruled.